## JESSURUN v. PEERLESS LIGHT CO.

(Circuit Court of Appeals, Seventh Circuit. February 7, 1922.)

No. 3023.

Patents ⊂⊃328—907,770, for electric light switch, held not to disclose invention.
    The Fulton patent, No. 907,770, for an electric light switch to be operated by a pull upon a pendent cord or chain, which differed from a device patented 30 years before only in the shape of the clamp by which it was attached to the key, held void for failure to disclose invention.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
    280 F.—8

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.·

Suit for infringement of letters patent No. 907,770 by Albert E. Jessurun against the Peerless Light Company. From a decree dismissing the bill, plaintiff appeals. Affirmed.

William R. Rummler and Cyrus W. Rice, both of Chicago, Ill., for appellant.

Russell Wiles, of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVANS, Circuit Judge. Appellant, as the owner of a patent upon an electric light switch issued to Walter W. Fulton, sought to restrain appellee from further infringing claims 1 and 3 of the patent. The District Court held the claims invalid and dismissed the bill.

To borrow the language of patentee:

"The invention relates to such electrical switches as are operated by a pull upon a pendent cord or chain."

Claim 1 reads as follows:

"In combination, a spring clip having arms adapted to embrace the flattened T-head of an electrical switch key from end to end, each arm of the clip being apertured to receive one end of the key head, a crank arm carried by the clip, and a pendent cord carried by the crank arm."

Many prior patents were received in evidence, indicating that the art was well filled with very narrow patents. Only one of them need be considered.·

Some 30 years before the issuance of the patent in suit, one Lewis obtained a patent upon an improvement:

"The object being to provide simple and convenient means for turning the current on and off a lamp provided with the usual flat key or thumbpiece, and primarily designed to be operated by hand, but hung or placed so as to be not readily accessible for such operation. With these ends in view my invention consists in a two-armed operating lever having its central portion or body adapted to fit over or embrace an ordinary flat key or thumbpiece."

The single claim reads:

"The combination, with an incandescent electric lamp having a flat key or thumbpiece for turning the current off and on, of a two-armed operating lever having a, central body portion provided with an opening adapting it to be slipped over and secured to the thumbpiece or key, and operating chains or cords attached to the outer ends of the arms of the lever and hanging down within easy reach for turning on and off the current, substantially as described."

If we were to restrict the language of the claim ("and secured to the thumbpiece or key") to the single form of structure shown in the drawings; that is, to securement by the elasticity of the central body or portion (a construction which we do not believe we would be justified in adopting), even then the only advance which Fulton made was to provide for the securement of the spring clip to the flat T-head of the electric switch key by bending the clip so as to inclose the end of the key head.

In other words, the patent deals, not with the electric switch as such, but with a very simple device attachable to the switch by a clip. The hanging chains or cords long used in such constructions make operation by people of short stature easy. The asserted novelty in Fulton's combination, that which distinguishes it from Lewis', is restricted to the means for securing the clip to the key head. As Judge Carpenter appropriately said:

"The clip adapts itself to the device to which it is attached, and certainly there is nothing novel in stamping a hole of any shape in the sides of the clip to enable it to fit."

Counsel for appellant argues that, if we should characterize as mechanical skill Fulton's contribution to the art, then numerous patents cited by defendant, including the Lewis patent, were improperly issued by the Patent Office, for none represents greater inventive genius than that manifested by Fulton. This hardly answers the court's position. Assuming that the Patent Office erred in granting other patents of narrow and simple construction, it would hardly justify the issuance of still another patent, dealing with the same art, no more entitled to recognition. But counsel, in making these comparisons, loses sight of the fact that each and every one of the prior patents narrowed the field open to Fulton, and were pertinent upon the only inquiry to which the court was addressing itself, viz.: Was Fulton's contribution invention?

Counsel for appellant has brought to our attention all of the facts presented in this suit which support his contention that invention rather than mechanical skill was displayed by Fulton. We are, however, unable to escape the conclusion, in view of the state of the art here disclosed, that Fulton's device did not rise to the dignity of invention. In other words, we agree with the District Judge in holding both claims invalid for want of invention.

The decree is affirmed.